UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DARRYL D. MOORE, SR. | ) | CASE NO.   1:24-cv-00923 |
| Plaintiff, | ) | |
| v. | ) | JUDGE DAVID A. RUIZ |
| DAVYON AUGUSTUS, | ) | |
| Defendant. | ) | **ORDER** |

Plaintiff Darryl D. Moore, Sr. filed the captioned case on May 28, 2024. (R. 1).[1] To date, Plaintiff has not demonstrated proper service of the summons and complaint pursuant to the Federal Rules of Civil Procedure and the Local Rules.

Once a plaintiff has commenced an action in federal courts, the plaintiff bears the burden to obtain service of process upon each defendant. Plaintiff Moore is proceeding *pro se* but not *in forma pauperis*. To effectuate service, the Civil Rules require the plaintiff to act in a reasonable and diligent manner. Specifically, Federal Rule of Civil Procedure 4(m) provides as follows:

> (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for

---

[1] Plaintiff did not file a Praecipe for issuance of Original Summons until July 25, 2024—nearly two months after the filing of his Complaint. (R. 4). On the same date, an Original Summons was issued to the *pro se* Plaintiff over the counter for service upon the Defendant. (R. 5).

the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

Service should have been completed by August 26, 2024. Nearly two months later, Plaintiff filed a Motion to Serve Defendant via email, indicating that attempts to serve Defendant via certified mail have been unsuccessful. (R. 6).

There is no indication Plaintiff has attempted to hire a process server to effectuate personal service. Therefore, Plaintiff's motion is DENIED. Although Plaintiff's request was untimely filed—long after service was required—the Court will grant Plaintiff an additional thirty (30) days from the date of this Order to perfect service. No further extensions will be granted. Failure to file acceptable proof of service within the allotted time frame will result in dismissal of this action without prejudice.

**IT IS SO ORDERED.**

Dated: November 5, 2024

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge