UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DARRYL D. MOORE, SR. ) | CASE NO.   1:24-cv-00923 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE DAVID A. RUIZ |
| ) | |
| DAVYON AUGUSTUS, ) | |
| ) | |
| Defendant. ) | **ORDER OF DISMISSAL** |

Plaintiff Darryl D. Moore, Sr., *pro se*, filed the captioned case on May 28, 2024. (R. 1).[1] To date, Plaintiff has not demonstrated proper service of the summons and complaint pursuant to the Federal Rules of Civil Procedure and the Local Rules.

Once a plaintiff has commenced an action in federal courts, the plaintiff bears the burden to obtain service of process upon each defendant. Plaintiff Moore is proceeding *pro se* but not *in forma pauperis*. To effectuate service, the Civil Rules require the plaintiff to act in a reasonable and diligent manner. Specifically, Federal Rule of Civil Procedure 4(m) provides as follows:

> (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for

---

[1] Plaintiff did not file a Praecipe for issuance of Original Summons until July 25, 2024—nearly two months after the filing of his Complaint. (R. 4). On the same date, an Original Summons was issued to the *pro se* Plaintiff over the counter for service upon the Defendant. (R. 5).

the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

On May 28, 2024, Plaintiff appears to have mailed the Complaint to Defendant Davyon Augustus using the United States Postal Service (USPS) at the following address: 5322 Ridgeway Street, Columbia, SC 29203-3547. (R. 12-1, PageID# 66). That mailing was returned to sender with the notation:

```
NIXIE        274    4C 1           0207/04/24
         RETURN TO SENDER
      NOT DELIVERABLE AS ADDRESSED
              UNABLE TO FORWARD
```

(R. 12-1, PageID# 66).

On July 1, 2024, Plaintiff attempted to serve Defendant by USPS certified mail utilizing the *same address*, except that the envelope bore a five-digit zip code versus a nine-digit zip code. (R. 12-1, PageID# 67). Unsurprisingly, that mailing was also unsuccessful and the mailing was returned to sender on October 21, 2024 with the following notation:

```
-R-T-S-    292032339-1N          10/21/24
           RETURN TO SENDER
           UNABLE TO FORWARD
           UNABLE TO FORWARD
           RETURN TO SENDER
```

(R. 12-1, PageID# 67).

On October 29, 2024, undeterred, Plaintiff again tried to serve Defendant using the exact same address that failed on the prior two occasions. Plaintiff's third mailing was similarly unsuccessful and

the mailing was returned to sender on November 7, 2024 with the following notation:

```
NIXIE       296   4E 1         0111/07/24
            RETURN TO SENDER
                  VACANT
            UNABLE TO FORWARD
BC: 44113182999      *8775-00451-29-46
```

(R. 12-1, PageID# 68).

Service should have been completed by August 26, 2024. Plaintiff waited until October 22, 2024, to request an extension and filed a Motion to Serve Defendant via email, indicating that Defendant "is refusing to accept court documents via certified mail in an attempt to evade the civil lawsuit." (R. 6, PageID# 46). The above postal notations are not indicative of any refusal by the addressee to accept the documents. The October mailing specifically indicated that the address was vacant. (R. 12-1, PageID# 68).

On November 5, 2024, the Court denied the motion to serve by email, indicating Plaintiff had not made reasonable alternative methods at service, such as retaining a process server to effectuate personal service. (R. 7). Nevertheless, as Plaintiff is proceeding *pro se*, the Court granted Plaintiff an additional thirty (30) days to perfect service, but warned "**[n]o further extensions will be granted. Failure to file acceptable proof of service within the allotted time frame will result in dismissal of this action without prejudice**." *Id*. (emphasis added).

A week later, original summons was "issued at counter to Pro Se Plaintiff for service upon Davyon Augustus." (R. 11). However, Plaintiff provided the thrice rejected address. *Id*. The Summons, Complaint, and Subpoena were sent by certified mail by the Clerk on November 12, 2024. As of today's date, there is no indication on the docket as to what occurred to the fourth mailing.

The Court sees no reason to await the outcome of this final mailing's quixotic journey. Plaintiff has failed to serve Defendant in the allotted time frame, even after receiving an extension on a belated request for extension of time. Moreover, repeated attempts to mail the Complaint to the same undeliverable or vacant address is not diligence but futility. Despite the Court's prior admonition, Plaintiff has not proposed any alternative service, save for email.[2]

Therefore, the Court hereby DISMISSES this action without prejudice.

**IT IS SO ORDERED.**

Dated: January 22, 2025                                   s/ *David A. Ruiz*
                                                          David A. Ruiz
                                                          United States District Judge

---

[2] At times, email service has been permitted for foreign companies, but it does raise Due Process concerns *See, e.g., FKA Distrib. Co., LLC v. Yisi Tech. Co.*, No. 17-CV-10226, 2017 WL 4129538, at *2 (E.D. Mich. Sept. 19, 2017) ("To comport with Due Process, courts in the Eastern District of Michigan have considered whether the party to be served via email does business via email, and whether the movant has established that the email address in question is valid."); *Noco Co., Inc. v. Zhejiang Quingyou Elec. Com. Co.*, 338 F.R.D. 100, 106 (N.D. Ohio 2021), on reconsideration in part, No. 1:20CV1170, 2021 WL 374617 (N.D. Ohio Feb. 3, 2021).